Ralph L. BORN, Appellant,

v.

R. J. LAUBE et al., Appellees.

No. 13304.

United States Court of Appeals
Ninth Circuit.

July 15, 1954.

Bailey E. Bell, William H. Sanders, Anchorage, Alaska, for appellant.

James E. Swan, Peter J. Kalamarides, Anchorage, Alaska, Sam Bassett, Bassett, Geisness & Vance, Seattle, Wash., for appellee.

Norman W. Harris, Decatur, Ala., amicus curiæ.

Before HEALY, ORR, and LEMMON, Circuit Judges.

PER CURIAM.

The petition for rehearing is predicated largely upon the claim that our decision is in conflict with the intervening holding of the Supreme Court in United Construction Workers v. Laburnum Construction Corporation, 347 U.S. 656, 74 S.Ct. 833.

We have carefully considered the Laburnum decision and are of opinion that it is distinguishable inasmuch as the complaining party there, under the Labor Management Act, 29 U.S.C.A. § 151 et seq., was wholly without remedy in damages for the tortious conduct of the Union. Here the complaining employee had available the remedy of reinstatement with back pay. Moreover, unlike Laburnum, there was no violence or threat of violence which might serve to bring the cause within the area of the Territorial police power.

The petition for rehearing is denied.

---

Marie PALMER, now Rape, et al.

v.

CONTINENTAL OIL COMPANY et al.

No. 4851.

United States Court of Appeals,
Tenth Circuit.

July 10, 1954.

H. A. Ledbetter, and Ernest W. Tate, Ardmore, Okl., for appellants.

Richard R. Linn, Oklahoma City, Okl., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

Appeal dismissed pursuant to stipulation.

---

S. O. BEREN

v.

O. G. COULTER et al.

No. 4861.

United States Court of Appeals
Tenth Circuit.

June 22, 1954.

Jochems, Sargent & Blaes, Wichita, Kan., and McKay & McKay, El Dorado, Kan., for appellant.

Blackburn & Hampton, Great Bend, Kan., and Depew, Stanley, Weigand, Hook & Curfman, Wichita, Kan., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PER CURIAM.

Dismissed on motion of appellant.